GREEN *v.* THE STATE., 23 Miss. Rep., 509.

### RAPE.

A count in an indictment charging in the usual form an assault upon a woman, and attempt to ravish, is not bad for duplicity in charging that in said attempt, the accused did forcibly choke and throw down the woman. The latter allegation is only descriptive of the assault.

A conviction without proof of the *venue* is void.

Error to Pike circuit court. HARRIS, J.

The opinion of the court contains a sufficient statement of the facts of the case.

*J. T. Lamkin* for plaintiff in error.

The indictment charges the criminal act to have been committed on Eliza *Conely;* the proof is, that the act was committed on Eliza *Conerly.* 2 Russ. on Crim. Ev., 714–716; Roscoe, Crim. Ev. 97, 98; R. & R., 351; 5 Taunt., 814; Whart.

Am. Crim. L., 72, 156–158 ; 1 Chitty Pl., 216 ; 7 Serg. & R., 469.

That the defendant is " a slave," is a material averment, and must be proved. Hutch. Dig. ch. 37, art. 2, sec. 55 ; Wharton's Am. Crim. L., 156, 158, and authorities therein.

Therefore the refusal of the court to instruct the jury, that " If they believe it is not in evidence that the defendant is a slave, he ought not to be found guilty," is error. Boles v. State, 9 S. & M., 284. And the error is not cured by the court offering to give another, even though of the same import, as that other was not given, and the decision in Keithler v. State, 10 S. & M., 226 does not therefore apply.

There is no evidence on the record that the act was committed in the county charged in the indictment. Vaughan v. State, 3 S. & M., 553.

The attempt to commit a rape is nowhere proven or alluded to in the testimony. 1 Stark. Ev. 512 ; Whart. Am. Crim. L., 169, 316 ; 6 Yerg. 345.

There is a palpable preponderance of testimony against the identity of the defendant as the perpetrator of the criminal act charged. Lefore v. Justice, 1 S. & M., 381 ; Sims v. McIntyre, 8 ib., 324 ; Keithler v. State, 10 ib., 228 ; Fisher v. Leach, 10 ib., 316 ; Graham on N. T., 368.

The indictment is bad for uncertainty and duplicity ; or the charge, if well laid, is assault and battery for " forcibly choking and throwing down the prosecutrix." 1 Chitty's Crim. L. 169, 171, 172, 175, 231, 255 ; Miller v. State, 5 How. 250 ; Whart. Am. Cr. Law, 81, 82, 96, 97 ; 1 Chitty Pl., 292 ; 2 Mass. R., 163 ; 9 Wend. 193 ; 7 Serg. & R., 474, 475 ; 6 Am. Cr. L., 11, 26 ; U. S. Dig., Sup. 5, p. 151, § 164.

*D. C. Glenn*, attorney general.

1. The point raised by the first bill of exceptions is, that the name of the party is written in the bill of indictment " Conely" instead of " Conerly," as it should be. The law is, that if the sound of the name is not affected by the misspelling, the error is not material. 2 Ch. Crim. Law, 203, and cases cited.

2. The second bill is the refusal of the court to charge the jury as asked. The court was right. The peculiar phraseology

of the charge was intended to mislead the jury, that it was technically "not in evidence" that the boy was a slave. Under our law, negroes are *prima facie* slaves by statute and by decisions of high court. It is true that the jury were bound to believe, from the evidence, that the boy was a slave, but it was not bound to be in evidence before them. His presence and appearance proved it, and if the allegation of slavery was contravened, the *onus* was upon the defense to make it appear. Until this is done, the presumption of law is, and the fact arising from such legal presumption is, that every negro is a slave. Again, if the position insinuated in this charge be correct, the trial of slaves for criminal offenses, instead of being trials of guilt and innocence of the charge, will really be trials to ascertain whether the negro is bond or free. I ask the court to consider this.

3. The court overruled the motion for a new trial. The evidence is embodied in the bill of exceptions. Mrs. Conerly says she believes the assault was committed on her by Green, and her proof is almost complete, except she cannot unequivocally identify the defendant. Caroline Conerly saw defendant that evening, and, swears that the person who assaulted her mother had on the same kind of clothes as the defendant, and swears to her belief that it was Green. The proof of the two negroes shows that it was Green's declared intention to make an assault on some white woman that night, and his own declarations show he could intend no one but Mrs. Conerly. He was proved to have dogs with him that evening; and Mrs. Conerly says there was a dog with the person who assaulted her. The defendant's evidence amounts to but little, and while the proof is not as positive as I could wish of the "*corpus delicti*," yet it was matter for the jury, and they have found a verdict. I insist that this court ought not to disturb it. The rule of the court is, not to interfere, unless the preponderance of evidence is very great against the verdict. See 7 How., 340. The court will please note the fact, that this is the second time a jury have found the defendant guilty on this charge.

4. Motion in arrest. The indictment follows the exact words of the statute, and this being a statutory offense, it is sufficient.

The statute says, if "any slave shall attempt to commit a rape," and the indictment says that defendant "did attempt to ravish and carnally know" this party. This is the technical charge of a rape. 3 Ch. Crim. Law, 810, 812; 7 Blackf., 164. The allegation made in the indictment of choking and throwing down the party assaulted, is merely by way of aggravation or description, making no part of the offense, and if improper, may be rejected as surplusage. 1 Chitty's Crim, Law, 173, 233.

On the whole, it seems as if the judgment below must be affirmed.

SMITH, C. J.:

This was an indictment for an attempt, by plaintiff in error, who is a slave, to commit a rape upon a free white woman. It was tried in the circuit court of Pike county, when verdict and judgment were rendered against the prisoner.

A motion for a new trial was entered in the circuit court and overruled. To the decision overruling the motion, a bill of exceptions was filed; by which means the whole of the evidence adduced on the trial was placed on the record.

Several exceptions to the validity of the judgment are pressed upon our consideration. But from the view we have taken of the case, we deem it necessary to notice only the objections to the indictment, and the decision overruling the motion for a new trial.

1. It is objected that this indictment is defective for duplicity; that the prisoner is charged with two distinct offenses in the same count; it is also contended that the indictment is void for uncertainty. If the count is not double, there is no pretence for the charge of uncertainty.

The offense charged in the indictment is described in the following terms, namely, that the prisoner "with force and arms, in the county aforesaid, in and upon one Eliza Conerly, (being then and there a free white woman,) feloniously did make an assault on her, the said Eliza Conerly, then and there feloniously did attempt to ravish and carnally know, by force and against her will, and in said attempt did forcibly choke and throw down the said Eliza Conerly," etc.

It must be perceived by a bare inspection that there are not two distinct and separate offenses charged herein. The last allegation, which is made the point of attack, is evidently no more than a description, somewhat more minute, of the manner of the assault, before averred to have been made. By no rule of construction can this allegation be held to charge an assault and battery distinct from the previously alleged attempt at rape. For if separated from this allegation, it conveys no meaning whatever, as it stands in the indictment, it forms no part of the description of the offense, and was with propriety treated as surplusage by the court. 1 Ch. Cr. L., 173, 232.

2. In passing upon the exception to the decision on the motion for a new trial, we shall not examine the evidence in reference to the guilt or innocence of the prisoner, but solely in regard to venue.

As we have before said, the whole of the evidence is certified in the record. And after a careful examination, we find no proof that the offense of which the prisoner was convicted, was perpetrated in the county of Marion as alleged in the indictment.

This proof was essential. 1 Ph. Ev. 515; 3 ib. 703, n. 381. The prosecution, from inability or inadvertence, having failed to produce it, the finding of the jury and the judgment of the court were void.

Let the judgment be reversed, the cause remanded, and a new trial awarded in the circuit court.